UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>MOSES CROWE,<br><br>        Defendant. | CR. 18-50010-02-JLV<br><br>ORDER |

**INTRODUCTION**

A grand jury indicted defendant Moses Crowe on charges of carjacking resulting in serious bodily injury, discharging a firearm during and in relation to a crime of violence and possessing a firearm as a felon. (Docket 2). Defendant now moves to sever the felon-in-possession count from the other two. (Docket 123). The government resists the motion. (Docket 129). For the reasons given below, the court denies defendant's motion.

**I.    Legal Standards**

"When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8." United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995). "Under Rule 8, multiple counts can be charged in a single indictment as long as the offenses are (1) of the same or similar character; (2) based on the same act or transaction; or (3) constitute parts of a common scheme or plan." United States v. Garrett, 648 F.3d 618, 625 (8th Cir. 2011) (citations omitted). "The propriety of joinder

is to be determined from the face of the indictment. . . . The factual allegations in the indictment must be accepted as true." United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984) (internal citations omitted), overruled on other grounds by United States v. Inadi, 475 U.S. 387 (1986). "If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14. These rules are to be 'liberally construed in favor of joinder.'" Id. (quoting United States v. Rimell, 21 F.3d 281, 288 (8th Cir. 1994)).

"Under Rule 14, a district court may sever [counts] if it appears that a defendant is prejudiced by a joinder of offenses[.]" Darden, 70 F.3d at 1527 (internal quotation marks and brackets omitted). "When joinder is proper under Rule 8, the defendant seeking a severance has the burden to demonstrate how the joint trial prejudiced his or her right to a fair trial." Id. (citations omitted). "Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that the defendant would have had in a severed trial. There is a strong presumption against severing properly joined counts." Garrett, 648 F.3d at 625-26 (internal quotations and citations omitted).

## II. Analysis

### A. Joinder

The court first finds the indictment properly joined the felon-in-possession count with the counts stemming from the alleged carjacking. The carjacking counts allege defendant and two co-defendants carjacked a vehicle by force, resulting in serious bodily injury, and discharging a firearm in doing so.

2

(Docket 2 at pp. 1-2). The indictment alleges the carjacking occurred on October 13, 2017. Id. The felon-in-possession count alleges defendant possessed a Smith & Wesson pistol on October 24, 2017. Id. at p. 3.

Defendant did not provide further factual details about the alleged offenses, other than to state there is no physical evidence tying him to the carjacking. (Docket 123 at p. 4). The government asserts its evidence will show the firearm defendant allegedly possessed on October 24 was the same firearm used in the carjacking.[1] (Docket 129 at pp. 2-3).

"In applying the same or similar character standard, the court permits joinder when the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each overlaps." United States v. Boyd, 180 F.3d 967, 981 (8th Cir. 1999) (internal quotations omitted). Here, the offenses allegedly involve the same weapon and occurred over a mere eleven days. See id. at 982 (approving joinder of counts occurring 18 months apart). It appears the counts will involve common evidence. The court finds joinder of the counts was proper.

**B.    Severance**

Having determined the three counts pending against defendant were properly joined in a single indictment, the court now concludes defendant has not shown any prejudice which would merit severing the counts. Defendant asserts prejudice from a joined trial will result for three reasons:

---

[1]Defendant chose not to file a reply brief challenging the government's version of events, so the court takes these facts as uncontested for purposes of this motion.

1. The evidence against him for the carjacking counts is so minimal that the jury will cumulate the evidence from the felon-in-possession count against him. (Docket 124 at pp. 4-5).

2. The risk of prejudice in jointly trying a felon-in-possession count with others is particularly high. Id. at p. 4.

3. Defendant wishes to testify concerning the felon-in-possession count, but not the carjacking counts. Id. at p. 5.

Defendant's first argument invites the court to improperly weigh the trial evidence before having seen it. He asserts no physical evidence ties him to the carjacking and the witnesses to the alleged offense were under the influence of drugs and viewed the scene in the dark. Id. at p. 4. Defendant's description of the anticipated trial evidence is far too scant to persuade the court it will invite the jury to render a verdict on the carjacking counts solely based on the felon-in-possession evidence. In any event, any possible prejudice can be mitigated by instructing the jury to consider evidence as to each count separately. When joinder is at issue, "the risk of undue prejudice is best cured through cautionary instructions[.]" United States v. Boone, 437 F.3d 829, 838 (8th Cir. 2006).

Citing to out-of-circuit precedent, defendant next argues joinder involving a felon-in-possession charge uniquely increases the likelihood of unfair prejudice. (Docket 123 at p. 4) (citing United States v. Nguyen, 88 F.3d 812, 815-16 (9th Cir. 1996); United States v. Dockery, 955 F.2d 50, 53 (D.C. Cir. 1992)). In Nguyen, the United States Court of Appeals for the Ninth Circuit expressed the potential danger:

4

> [T]rying a felon in possession count together with other felony charges creates a very dangerous situation because the jury might improperly consider the evidence of a prior conviction when deliberating about the other felony charges, i.e. convict the defendant because he is a "bad guy" or convict because "he committed a crime before and probably did this one too."

88 F.3d at 815; see also United States v. Aldrich, 169 F.3d 526, 528 (8th Cir. 1999) ("[C]ourts typically hold that 'joinder of an ex-felon count with other charges requires either severance, bifurcation, or some other effective ameliorative procedure.' ") (quoting United States v. Jones, 16 F.3d 487, 492 (2d Cir. 1994)).

However, the felon-in-possession evidence is explicitly relevant to the carjacking counts because the government intends to prove the gun defendant allegedly possessed on October 24 is the weapon used during the carjacking. (Docket 129 at pp. 2-3). Even if the counts were severed, evidence that law enforcement recovered the carjacking weapon from defendant at a later date would be admissible in the carjacking trial. "No prejudice results from the refusal to sever when evidence of one charge would be admissible in a separate trial on the other." United States v. McCarther, 596 F.3d 438, 442 (8th Cir. 2010).

Finally, defendant argues he wishes to testify in his own defense as to the felon-in-possession count, but not the carjacking counts. (Docket 123 at p. 5). A mere desire to testify on one count but not another "is not enough to require severance." United States v. Little Dog, 398 F.3d 1032, 1038 (8th Cir. 2005). To merit severance, defendant must give a "persuasive and detailed showing" that "he ha[s] important testimony to give on the [felon-in-possession] offense

5

but a strong need to refrain from testifying on the [carjacking] count[s]." Id. Defendant did not make the necessary showing to sever the felon-in-possession count to allow him to testify separately.

The court finds the joinder of the carjacking and felon-in-possession counts creates no prejudice severe enough to merit severance.

## ORDER

For the reasons given above, it is

ORDERED that defendant's motion to sever (Docket 123) is denied.

Dated October 29, 2019.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        CHIEF JUDGE