# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MOSES CROWE and<br>RANSON LONG PUMPKIN<br><br>Defendants. | CR. 18-50010-02 & 03-JLV<br><br>ORDER |

During the November 1, 2019, pretrial conference in this case, the parties noted that Count II of the superseding indictment in effect at that time charged defendants with knowingly using, carrying, brandishing and discharging a firearm during and in relation to a crime of violence. (Docket 168 at p. 2). The multiple theories of criminal liability were not captured in the court's proposed instructions. The court ordered the parties to brief two matters: (1) whether either defendant can be subject to the mandatory minimums found in 18 U.S.C. § 924(c)(1)(A) under an aiding and abetting theory and (2) what instructions and verdict form were necessary to capture each theory of criminal liability charged in the indictment.

In his brief, defendant Moses Crowe moved to dismiss Count II as duplicitous. (Docket 175). However, the government now states it will seek a second superseding indictment alleging only that defendants knowingly discharged a firearm during a crime of violence. (Docket 184 at p. 2). Defendant Crowe conceded in e-mail communication with the court that the government's choice renders his motion moot. The court will accordingly deny the motion to dismiss as moot.

Defendant Long Pumpkin and the government each argue the defendants may be found guilty of the enhancements found in § 924(c)(1)(A) under an aiding and abetting theory.[1]  (Docket 171 at p. 2 & 184 at pp. 2-4).  The court agrees. The general rule in criminal cases is that an aider and abettor is punishable as a principal.  See 18 U.S.C. § 2; United States v. Stands, 105 F.3d 1565, 1577 (8th Cir. 1997).  Moreover, the Supreme Court and the United States Court of Appeals for the Eighth Circuit expressly recognized and analyzed aider and abettor liability for a § 924(c) offense.  See Rosemond v. United States, 572 U.S. 65 (2014); United States v. Daniel, 887 F.3d 350, 359 n.3 (8th Cir. 2018)  It is clear that either defendant may be punished with the 10-year mandatory minimum sentence prescribed by § 924(c)(1)(A)(iii) if found guilty under an aiding and abetting theory.

For the reasons given above, it is

ORDERED that defendant Crowe's motion to dismiss Count II of the second superseding indictment (Docket 175) is denied as moot.

Dated November 14, 2019.

BY THE COURT:

_____
JEFFREY L. VIKEN
CHIEF JUDGE

---

[1]Defendant Crowe did not take a position on this topic.